UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Lisa C.,[1] | ) | C/A No. 8:24-cv-03655-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Frank Bisignano, | ) | |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for a Report and Recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.) and 28 U.S.C. § 636(b)(1)(B). Plaintiff brought this action pursuant to Section 1631(c)(3)(g) of the Social Security Act, as amended (42 U.S.C. § 1383(c)(3)) ("the Act"), to obtain judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying Plaintiff's claim for supplemental security income benefits ("SSI") under Title XVI of the Act.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on August 14, 2020, alleging she became disabled as of June 1, 2018. R. 379. Plaintiff's application was denied initially and on reconsideration by the Social Security Administration. R. 167-202. At Plaintiff's request, an administrative law hearing

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants only by their first names and last initials due to significant privacy concerns in social security cases.

[2] In May 2025, Frank Bisignano became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Defendant Martin O'Malley, who was the Commissioner of Social Security when this action was filed.

regarding her SSI claim was held on September 14, 2023. R. 45-85. Plaintiff, represented by a non-attorney representative, and a vocational expert ("VE") testified via telephone before an administrative law judge ("ALJ"). *Id.* On November 13, 2023, the ALJ found that Plaintiff was not disabled. R. 19-37. The ALJ's findings became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 11, 2023. R. 1-6. Plaintiff filed this action seeking judicial review on June 24, 2024. ECF No. 1.

In making the determination that Plaintiff is not entitled to benefits, the ALJ found as follows:

1. The claimant has not engaged in substantial gainful activity since August 5, 2020,[3] the application date (20 CFR 416.971 *et seq.*). R. 22.

2. The claimant has the following severe impairments: cervical spondylosis, lumbar radiculopathy, obesity, chronic obstructive pulmonary disease (COPD), hypertension, depressive disorder, bipolar disorder, anxiety disorder, type II diabetes, history of thyroid cancer, postoperative hypothyroidism, rheumatoid arthritis (RA) (20 CFR 416.920(c)). R. 22.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). R. 23.

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except this individual is limited to frequent pushing/pulling with the upper and lower extremities; could stand/walk about 6 hours in an 8 hour day; sit for about 6 hours in an 8 hour day with customary breaks; occasionally climb ramps/stairs; never climb ladders/ropes/scaffolds; could occasionally balance, stoop, kneel, crouch or crawl; no work at unprotected heights or around hazards such as

---

[3] Plaintiff's application is dated August 14, 2020. R. 379.

      dangerous machinery; avoid concentrated odors, dust, fumes, gases or pulmonary irritants; avoid extreme temperatures of hot or cold; and capable perform (sic) simple, routine, repetitive tasks with occasional contact with coworkers, supervisors and the general public.  R. 26.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).  R. 35.

6. The claimant was born on December 21, 1969 and was 50 years old, which is defined as a younger individual age 18-49, on the date the application was filed.[4]  The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).  R. 36.

7. The claimant has at a limited education (20 CFR 416.964).  R. 36.

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).  R. 36.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).  R. 36.

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 5, 2020, the date the application was filed (20 CFR 416.920(g)).  R. 37.

## APPLICABLE LAW

The Commissioner's findings of fact are conclusive if they are supported by substantial evidence and were reached through application of the correct legal standard.  42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citations omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[4] Plaintiff was 50 years old on the date the application was filed, which is defined as a person closely approaching advanced age.  20 C.F.R. § 416.963(d).  Because of other issues discussed herein, the Court does not rely upon this error as a basis for the recommendation.

*Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation and internal quotation marks omitted). Moreover, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Id.* (citation and internal quotation marks omitted); *see Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Slaughter v. Barnhart*, 124 F. App'x 156, 157 (4th Cir. 2005) (citation omitted).

However, the reviewing court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Rhonda J.H. v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:22-cv-02899-JDA, 2024 WL 243471, at *1 (D.S.C. Jan. 23, 2024) (citations omitted). When "the ALJ's decision is not supported by substantial evidence, [the reviewing court] may affirm, modify, or reverse the ALJ's ruling 'with or without remanding the cause for a rehearing.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (citations omitted).

In cases where remand is deemed necessary, the court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g).  *See Shalala v. Schafer*, 509 U.S. 292, 296 (1993).  "[T]o remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim."  *O'Quinn v. Saul*, C/A No. 2:19-cv-00067-DCN-MBG, 2019 WL 5387910, at *2 (D.S.C. Oct. 22, 2019) (citation and internal quotation marks omitted).  Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation.  *See Radford*, 734 F.3d at 295 ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.").  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  *See Smith*, 782 F.2d at 1182; *Nichols v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:20-cv-01660-CMC-JDA, 2021 WL 3621993, at *3 (D.S.C. July 26, 2021).  After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction.  *Rhonda J.H.,* 2024 WL 243471, at *2 (citation omitted).

In contrast, sentence six provides as follows:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….

42 U.S.C. § 405(g).  A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is "relevant to the determination of disability at the time the application was first filed"; (2) the evidence is "material to the extent

5

that the [Commissioner's] decision might reasonably have been different had the new evidence been before her"; (3) there is "good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner]"; and (4) the claimant made "at least a general showing of the nature of the new evidence" to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Hum. Servs.*, 925 F.2d 769, 774 (4th Cir. 1991) (citations and internal quotation marks omitted).[5] With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *O'Quinn*, 2019 WL 5387910, at *2 (citation omitted). The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *Id.; see Allen v. Chater*, C/A No. 95-2344, 1995 WL 579275, at *1 (4th Cir. 1995) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

**The Five-Step Evaluation**

"Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months[.]

---

[5] Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts within the United States Court of Appeals for the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Miller v. Barnhart*, 64 F. App'x 858, 859-60 (4th Cir. 2003); *Rapheal M.S. v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:22-cv-04301-DCN-JDA, 2024 WL 1528507, at *3 (D.S.C. Jan. 25, 2024). Further, the Supreme Court of the United States of America has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the *Borders* inquiry.

42 U.S.C. § 423(d)(1)(A). To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 416.920. Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Id.* If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 416.920(a)(4).

**Substantial Gainful Activity**

"Substantial gainful activity" must be both substantial - involves doing significant physical or mental activities - and gainful - done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 416.972(a), (b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 416.974-416.975.

**Severe Impairment**

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. § 416.921. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of

7

the claimant's impairments.  42 U.S.C. § 423(d)(2)(B); *see Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them").  "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50.  If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B).

**Meets or Equals an Impairment Listed in the Listings of Impairments**

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 416.909, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d).

**Past Relevant Work**

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the claimant's residual functional capacity ("RFC") with the physical and mental demands of his past relevant work.  20 C.F.R. § 416.960(b).

A claimant's RFC is the most that he can still do despite his limitations, and it is the ALJ's responsibility to make the RFC assessment by considering all relevant medical and other evidence in the record.  20 C.F.R. § 416.945(a).  Social Security Ruling ("SSR") 96-8p provides in pertinent part:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities

> on a function-by-function basis, including the functions in paragraph (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945. Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

1996 WL 374184, at *1.  The SSR further provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).  In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.  The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

*Id.* at *7.  Further, "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.*  Moreover, "[t]he RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

**Other Work**

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. *Grant*, 699 F.2d at 191.  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "Grids"). *Meyer v. Berryhill*, C/A No. 8:16-cv-03310-JMC-JDA, 2018 WL 3133422, at *5 (D.S.C. Jan. 4, 2018).  The Commissioner *may* exclusively rely on the Grids when a claimant does not

have a nonexertional impairment.[6] 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that "[w]hen a claimant suffers from both exertional and nonexertional limitations, the [Grids] are not conclusive but may only serve as guidelines."); *Groth v. Comm'r of Soc. Sec. Admin.*, C/A No. 0:16-cv-01581-JMC, 2018 WL 4140666, at *2 (D.S.C. Aug. 30, 2018).

**Developing the Record**

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The performance of this duty is particularly important when, as in this case, a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal citations and quotation marks omitted).

**Medical Opinions**

For claims filed on or after March 27, 2017, such as Plaintiff's herein, a regulatory framework for considering and articulating the value of medical opinions is provided by 20 C.F.R. § 416.913. The regulations define the term "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." *Id.* § 416.913(a)(2). The ALJ should consider and

---

[6] An exertional limitation is one that affects the claimant's ability to meet the strength demands of jobs. 20 C.F.R. § 416.969a(a). A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands. *Id.* Examples of nonexertional limitations include, but are not limited to, difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; and difficulty seeing or hearing. *Id.* § 416.969a(c)(1).

articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. *Id.* § 416.920c(b), (c). Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. *Id.* § 416.920c(a), (b)(2). An ALJ may, but is not required to, explain how the remaining factors were considered. *Id.* § 416.920c(b)(2). In evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) … the more persuasive the medical opinions … will be." *Id.* § 416.920c(c)(1). In evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be." *Id.* § 416.920c(c)(2). When a medical source provides multiple medical opinions, the ALJ "will articulate how [he] considered the medical opinions … from that medical source together in a single analysis …." *Id.* § 416.920c(b)(1). ALJs "are not required to articulate how [they] considered each medical opinion … from one medical source individually." *Id.*

**Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917.

**Subjective Complaints**

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (*e.g.*, medical signs and laboratory findings) showing the existence of

a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). SSR 16-3p provides, "[i]n considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." 2017 WL 5180304, at *4; *see also* 20 C.F.R. § 416.929(c)(1)–(c)(2) (outlining evaluation of pain).

In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005); *see also* SSR 16-3p, 2017 WL 5180304, at *3-4. First, "the ALJ must determine whether the claimant has produced medical evidence of a medically determinable impairment which could reasonably be expected to produce" the alleged symptoms. *Morgan*, 142 F. App'x at 723 (citation and internal quotation marks omitted); *see* SSR 16-3p, 2017 WL 5180304, at *3. Second, the ALJ must evaluate "the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities ... or to function independently." SSR 16-3p, 2017 WL 5180304, at *4.

## THE PARTIES' POSITIONS

Plaintiff argues remand is necessary because the ALJ failed to (1) reconcile the RFC with the state agency psychological consultative examiners' assessments and (2) properly evaluate Dr. Poonam's medical opinion. ECF No. 19. The Commissioner argues remand is not appropriate because substantial evidence supports the ALJ's decision that Plaintiff could perform a limited range of light work. ECF No. 20.

12

**APPLICATION AND ANALYSIS**

**Residual Functional Capacity**

Plaintiff argues that remand is warranted because the ALJ found a state agency psychological consultative examiners' findings persuasive, did not include these examiners' findings regarding Plaintiff's limitations with instructions in the RFC, and did not explain this inconsistency. ECF No. 19 at 32.

Xanthia Harkness, PhD ("Dr. Harkness"), the state agency psychological consultative examiner who reviewed Plaintiff's SSI claim at the initial level, found that Plaintiff "is able to understand and remember short and simple instructions not complex instructions" and "carry out simple instructions." R. 183. Dr. Harkness also found that Plaintiff is moderately limited in her ability to understand and remember detailed instructions. R. 180. Moreover, Craig Horn, PhD ("Dr. Horn"), the state agency psychological consultative examiner who reviewed Plaintiff's SSI claim at the reconsideration level, found that Plaintiff has the ability to "understand and remember short and simple instructions not complex instructions," the ability to "carry out simple instructions," and a moderate limitation in her "ability to carry out detailed instructions." R. 198-99.

The ALJ considered the findings from Dr. Harkness and Dr. Horn and stated, in relevant part, as follows:

> In their mental residual functional capacity (MRFC) assessments, the state agency psychological consultants found she is able to remember location and work-like procedures. She is able to understand and remember short and simple instructions not complex instructions; carry out simple instructions; attend to and perform simple tasks without special supervision for at least 2-hour periods; work in proximity to others without being unduly distracted; make simple work-related decisions; ask simple questions and request assistance from peers or supervisors; would perform best in situations that do not require ongoing interaction with the public;

13

> sustain appropriate interaction with peers and co-workers without interference in work; respond appropriately to changes in a routine setting; and set goals. (Ex. C3A and C6A). The MRFC assessments are persuasive as they are supported by the record as a whole. The undersigned has limited the claimant to simple, routine, repetitive tasks with occasional contact with coworkers, supervisors and the general public based on the overall evidence in the record.

R. 34-35. Although the ALJ limited Plaintiff to simple, routine, repetitive tasks, the ALJ did not provide any limitations in Plaintiff's RFC regarding instructions. *See* R. 27.

Plaintiff argues that the ALJ failed to reconcile the state agency psychological consultative examiners' assessments with the RFC. ECF No. 19 at 32. The Court agrees. SSR 96-8p provides that the ALJ "must … explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." 1996 WL 374184, at *7. Here, the ALJ found Dr. Harkness and Dr. Horn's assessments persuasive. Dr. Harkness and Dr. Horn explicitly found that Plaintiff was moderately limited in her ability to carry out detailed instructions and was able to "understand and remember short and simple instructions not complex instructions" and "carry out simple instructions." However, the ALJ did not provide for any limitation in Plaintiff's RFC regarding her ability to understand, remember, and carry out short and simple instructions and did not explain the inconsistency, in contravention of SSR 96-8p. *See, e.g., Lewis v. Saul*, C/A No. 1:19-cv-03457-JMC, 2021 WL 1961010, at *1-2 (D.S.C. May 17, 2021) (adopting an R&R recommending remand when an ALJ relied heavily on a state agency consultants' assessments; the state agency consultants found the plaintiff was limited to understanding, retaining, and following simple instructions; the ALJ limited the plaintiff to simple, repetitive tasks but included no provision in the RFC as to the type of instructions the plaintiff could understand and remember; and the ALJ did not explain why a limitation regarding instructions was not included in the RFC); *Henslee v. Kijakazi*, C/A No. 4:20-cv-04340-TER, 2022 WL 3367749, at *4-5 (D.S.C. Aug. 16,

2022) (finding an ALJ erred when he found state agency psychological consultant examiners' findings persuasive except as to interacting with others, the consultants explicitly found that the plaintiff could not understand and remember detailed instructions, the RFC stated that plaintiff could perform work requiring the ability to understand and remember detailed instructions, and the ALJ did not address the conflict between these findings); *Brown v. Kijakazi*, C/A No. 4:21-cv-04051-TER, 2022 WL 12350625, at *8 (D.S.C. Oct. 21, 2022) ("The ALJ states that [the state agency consultants'] opinions are 'unpersuasive with respect to the exertional limitations, but otherwise persuasive.' … But, without explanation, the ALJ's RFC did not include a non-exertional reaching limitation opined by the state agency consultants that the ALJ had found persuasive. Resolving conflicting evidence with reasonable explanation is an exercise that falls within the ALJ's responsibility and is outside the court's scope of review."); *Bostic v. Comm'r of Soc. Sec.*, C/A No. 5:22-CV-00141-FDW, 2024 WL 551478, at *5 (W.D.N.C. Feb. 12, 2024) ("Because the ALJ omitted the State Agency psychological consultants' opinion that Claimant could tolerate superficial interactions with public, coworkers, and supervisors, and failed to include an explanation explaining the omission after finding the opinions persuasive, the ALJ's analysis is not supported by substantial evidence."); *see also King v. Saul*, 787 F. App'x 170, 171 (4th Cir. 2019) (discussing the difference between the ability to *perform* tasks and the ability to *understand* instructions, that "it was possible to be limited in the former without being limited to the same extent (or at all) in the latter, and that "simple tasks (such as driving directions) could have detailed instructions.") (emphasis in original).

It may be that the ALJ found Dr. Harkness and Dr. Horn's limitations on instructions inconsistent with the record evidence; however, without this explanation, the Court cannot conclude that the ALJ's decision is supported by substantial evidence. *See Mascio v. Colvin*, 780

15

F.3d 632, 636–37 (4th Cir. 2015) ("[b]ecause we are left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions ..., remand is necessary."); *Monroe v. Colvin*, 826 F.3d 176, 189 (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to [the] conclusion"); *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling.").

Although not expressly argued by the Commissioner, the Court finds that the ALJ's error is not harmless. The Dictionary of Occupational Titles ("DOT") provides that a job with Level 1 reasoning requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions;" a job with Level 2 reasoning requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions;" and a job with Level 3 reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." DOT, App. C, 1991 WL 688702. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and relied on jobs requiring Level 2 and Level 3 reasoning: mail clerk non postal (DOT 209.687-026, Level 3), merchandise marker (DOT 209.587-034, Level 2), and clerical assistant (DOT 239.567-010, Level 2). R. 36. Moreover, while involving a different issue, the United States Court of Appeals for the Fourth Circuit has found an apparent conflict between an RFC limiting a claimant to jobs involving "short, simple instructions" and a need to carry out Level 2 reasoning of "detailed but uninvolved instructions." *See Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019); *see also Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (explaining that "'short' is inconsistent with 'detailed' because detail and length are highly correlated. Generally, the longer the instructions, the more detail they can include.").

16

Therefore, because the ALJ relied on jobs that appear to require greater abilities than understanding, remembering, and carrying out "short and simple instructions," the Court cannot conclude the error was harmless.  *See, e.g., Henslee*, 2022 WL 3367749, at *4-5 (finding an ALJ's error was not harmless when the ALJ relied on jobs with Level 2 and Level 3 reasoning despite state agency psychological consultant examiners' "persuasive" opinions that the plaintiff could not understand and remember detailed instructions).

**Remaining Allegations of Error**

In light of the Court's recommendation that this matter be remanded for further consideration, the Court need not specifically address Plaintiff's remaining allegations of error as the ALJ will be able to reconsider and re-evaluate the evidence as part of the reconsideration of this claim.  *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763–64 n.3 (W.D. Va. 2002) (on remand, the ALJ's prior decision has no preclusive effect as it is vacated and the new hearing is conducted de novo); *see Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).  As such, should the district court adopt this recommendation, the ALJ should also take into consideration Plaintiff's remaining allegations of error on remand.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the district court **REVERSE** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMAND** this matter to the Commissioner for further consideration.

**IT IS SO RECOMMENDED.**

July 11, 2025                                                          s/William S. Brown
Greenville, South Carolina                                   United States Magistrate Judge

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).